IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN LEONARD CALVERT,

        Petitioner,

   v.

CHARLES A. DANIELS, Warden,
FCI Sheridan, Federal Bureau
of Prisons

        Respondent.

Civil No. 06-382-KI

OPINION AND ORDER

    JOHN LEONARD CALVERT
    #78725
    1100 W. Mallon
    Spokane, WA  99260

        Petitioner, *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    United States Attorney's Office, District of Oregon
    1000 S.W. Third Avenue, Suite 600
    Portland, OR  97204

        Attorneys for Respondent

1 - OPINION AND ORDER

KING, Judge.

Petitioner, a former inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. For the reasons set forth below, petitioner's habeas petition (#1) is GRANTED in part, and DENIED in part.

## BACKGROUND

On March 20, 2001, petitioner was convicted of conspiring to retaliate against a witness, retaliating against a witness, and firearm offenses in the United States District Court for the Eastern District of Washington. On August 27, 2004, the Honorable Edward J. Shea issued an amended judgment imposing a 207-month term of incarceration, a $400.00 special penalty assessment, and an order of restitution in the amount of $46,884.51. Pursuant to the amended judgment, the criminal monetary penalties are to be paid in monthly installments of $50.00, over a period of 318 months, to commence 30 days after the date of the judgment.

The amended judgment includes the following "special instructions regarding the payment of criminal monetary penalties":

> **Defendant shall participate in the Inmate Financial Responsibility Program.**
>
> **\*While incarcerated defendant shall pay 1/10 of his income towards restitution.** When defendant is released from custody defendant shall pay $50.00 a month and any additional monetary amount as directed by his supervising probation officer, given the defendant's health, employment and assets. Habeas Petition (#1), Exhibit 6 (emphasis added).[1]

---

[1] In an amended judgment issued by Judge Shea on December 6, 2006, identical language is used. United States v. Calvert, 99-

2 - OPINION AND ORDER

On December 8, 2004, petitioner was designated to FCI Sheridan. Petitioner arrived at FCI Sheridan with $467.00 in his inmate trust account. On December 28, 2004, the Unit Team determined petitioner should pay $25.00 per month under the Inmate Financial Responsibility Program (IFRP), with payments to begin January 2005.

Petitioner wrote Judge Shea complaining that the assessment was contrary to the amended judgment requiring only one tenth of petitioner's income to be paid towards restitution. Nevertheless, petitioner made a $25.00 IFRP payment in January, 2005. On January 4, 2005, Judge Shea replied, stating that it was his "intention" that petitioner "pay 10% of your present income toward your monetary obligations which I imposed in your judgment." Petitioner did not make a IFRP payment in February and was placed on refusal status. On February 11, 2005, petitioner filed a Request for Administrative Remedy, asking that he be taken off refusal status and be given a payment plan which complies with his amended judgment.

Warden Charles Daniels "denied in part and addressed in part" petitioner's grievance. Daniels stated that the money deducted to date had been used toward petitioner's $400 special assessment (not restitution), that the $25.00 month payment plan was "commensurate with [petitioner's] ability to pay", and that he was appropriately placed on refusal status. The Warden also stated that when the

---

CR-00154 (E.D. Wash. (Doc. #433)).

3 - OPINION AND ORDER

special assessment is paid in full, guidance would be sought from Judge Shea as to his intentions for restitution payments in light of established BOP policies.

Petitioner made the $25.00 payment for March, but filed a Regional Administrative Remedy Appeal seeking relief from the $25.00 monthly payments, and again seeking to be taken off refusal status. The Regional Director denied the grievance. Petitioner appealed to the National Appeals Board.

On April 21, 2005, petitioner's Unit Team determined he was financially unable to make an IFRP payment, and returned him to participates status. Petitioner did not make monthly payments in May or June 2005, and on June 14, 2005, was again placed on refuse status. That same day, however, Unit Team review of his account prompted a reassessment to quarterly payments of $25.00, to begin September 2005. Petitioner was placed back on participates status.

On June 27, 2005, Judge Shea issued an order denying petitioner's motion to amend the judgment. In so doing, however, Judge Shea stated:

> "[T]he Court did not order Mr. Calvert to pay $25.00 per month as Mr. Calvert appears to indicate BOP is requiring him to pay each month. Rather, the Second Amended Judgment provides '[w]hile incarcerated defendant shall pay 1/10 of his income towards restitution.' (Ct. Rec. 350). *The Court finds this restitution payment appropriately takes into account that Mr. Calvert may need to utilize his funds while incarcerated for items other than restitution.*" Habeas Petition (#1), Exhibit 5 (emphasis added).

On July 26, 2005, Petitioner's administrative appeal was denied. Petitioner made quarterly payments of $25.00 in September

4 - OPINION AND ORDER

2005, December 2005 and March 2006.[2]

In the instant proceeding, petitioner alleges BOP's failure to comply with the special instructions for payment of monetary obligations set forth in his amended judgment resulted in sanctions, loss of privileges, denial of access to the courts, an inability to buy dentures, and a need for medication for a pre-existing medical condition. Petitioner seeks release from custody *or* an order that the BOP must comply with the terms and conditions for payments specified in his amended judgment. Additionally, petitioner moves to expand the requested relief to include a request for costs and an order prohibiting respondent from engaging in retaliatory conduct.

## DISCUSSION

A petition for writ of habeas corpus under 28 U.S.C. § 2241 is proper for federal inmates challenging the execution of their sentence, and is to be brought in the judicial district of the petitioner's custodian. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Although petitioner was released from BOP custody July 6, 2006, on a federal writ for re-sentencing, at the

---

[2] On May 24, 2006, petitioner was asked by his unit manager, Tim Boldt, to sign a contract agreement to an assessment of $25.00 per quarter, and asked petitioner to back-date the contract to June 14, 2005. Petitioner claims that he was told a notation would be made on the contract as to the actual date of signing. Mr. Boldt attests that this was done because a review of petitioner's file in May, 2006, revealed there was no signed IFRP contract. Petitioner's request for an evidentiary hearing on this issue is denied on the basis that additional evidence is not necessary to the resolution of this proceeding.

5 - OPINION AND ORDER

time petitioner filed the instant petition he was in BOP custody at FCI Sheridan. His petition was thus properly filed in this court. The question before the Court is whether the BOP disregarded petitioner's amended judgment when it assessed IFRP payments exceeding ten percent of petitioner's monthly income.

In the amended judgment, Judge Shea established the manner and the schedule for restitution payments as is required by the governing statute. See 18 U.S.C.A. § 3664(f)(2)(1996).[3] Judge Shea also defined the nature of petitioner's participation in IFRP, making it mandatory.

The IFRP is the mechanism the BOP utilizes for managing repayment of inmate monetary obligations. See 28 C.F.R. § 545.10-11. Respondent describes the IFRP as a voluntary program through which it "encourages each sentenced inmate to meet his or her legitimate financial obligations." BOP staff help inmates develop a financial plan after reviewing "[the] inmate[s'] financial obligations, using all available documentation including, . . . the Judgment . . . ." 28 C.F.R. § 545.11(a). Inmates are asked to sign a contract for voluntary payments, with the amount assessed based on guidelines set out in the regulations. 28 C.F.R.

---

[3] The sentencing court must set a restitution payment schedule because that is a non-delegable function under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663A-3664. See *United States v. Gunning*, 401 F.3d 1145, 1149-50 (9th Cir. 2005); *United States v. Gunning*, 339 F.3d 948, 949 (9th Cir. 2003). However, the Ninth Circuit has upheld BOP scheduling of *fine* payments when the judgment "sets only the amount of the fine, not the method of payment," *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998), *cert. denied*, 526 U.S. 1091 (1999).

6 - OPINION AND ORDER

§ 545.11(b). Failure to make payments results in sanctions and loss of privileges. 28 C.F.R. § 545.11(d).

Respondent contends BOP regulations governing IFRP justified petitioner's IFRP assessments, and having been given the choice to participate, petitioner was properly sanctioned upon failing to make payments. In this regard, respondent argues that "[t]here is nothing unconstitutional about giving inmates the opportunity to earn special privileges while in custody by participation in a program offered by the institution." Respondent contends that under "a fair reading" of the amended judgment, Judge Shea sets a "minimum" payment plan of one tenth of petitioner's prison income toward restitution, but does not set a "cap" on such payments.

Respondent is correct that the Ninth Circuit has upheld as constitutional a *voluntary* work program that requires inmates to pay court-imposed fines or restitution. *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998), *cert. denied*, 526 U.S. 1091 (1999). In the instant proceeding, however, petitioner's participation in the IFRP is not voluntary. Petitioner's amended judgment provides that petitioner *shall* participate in the IFRP, and includes a schedule for payment under the program. Hence, by the terms of petitioner's amended judgment, respondent must assess IFRP payments that are "ten percent of his income." In this context, I reject respondent's assertion that the amended judgment sets forth a "minimum" rather than a "cap" on payments.

Reinforcing this conclusion is Judge Shea's June 27, 2005, order denying petitioner's motion to alter the judgment. In that order, Judge Shea reiterates that he "did not order Mr. Calvert to pay $25.00 per month" but rather ordered that petitioner "pay 1/10 of his income towards restitution." Judge Shea provides his reasoning for the ten percent assessment, stating that the "restitution payment appropriately takes into account that Mr. Calvert may need to utilize his funds while incarcerated for items other than restitution."

Any lingering doubt as to the payment terms for petitioner's monetary obligations is laid to rest by looking back to Judge Shea's January 4, 2005, letter to petitioner. He clearly states, "It is my intention that you pay 10% of your present income toward your monetary obligations which I imposed in your judgment." It is not clear that petitioner provided this letter to BOP, but Judge Shea's June 2005 Order provided BOP with any clarification needed.

From these facts, I conclude that a monthly or quarterly $25.00 assessment violates the terms of petitioner's amended judgment, and that his placement on "refuse" status based upon this formula is improper. However, I reject petitioner's claim that his placement on refusal status gives rise to an Eighth Amendment claim. Petitioner offers no evidence that respondent acted with deliberate indifference to a serious medical need. *See Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000). Similarly, petitioner offers no evidence that respondent's management of his inmate

account resulted in a denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 348-52 (1996) (denial of access to the courts requires proof of actual injury to court access).

### CONCLUSION

For these reasons, petitioner's petition for writ of habeas corpus (#1) is GRANTED to the extent that respondent is ORDERED to assess no more than 10 percent of petitioner's income per month under the IFRP. The petition is DENIED as to petitioner's alternative request that he be released from incarceration. IT IS FURTHER ORDERED that petitioner's motions to expand the relief requested to the recovery of monetary damages, and to order respondent not to engage in retaliatory conduct (#16 and #19) are DENIED.

IT IS SO ORDERED.

DATED this 16 day of January, 2007.

_____
GARR M. KING
United States District Judge

9 - OPINION AND ORDER